(87 App. Div. 119.)

## MAUER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1903.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
    Plaintiff, a woman 78 years of age, was struck by a street car while passing diagonally across the street at a street intersection. She testified that when she left the curb she saw the car approaching about a block away, and that when she was about halfway across, and between the two lines of tracks, she looked a second time, and saw the car half a block away, and continued a few steps, when she was struck by the fore part of the car, after the fender had safely passed her. *Held*, that such facts tended to show care on plaintiff's part, and that, if

she misjudged the distance of the car from her, such fact would not of itself constitute contributory negligence.

2. SAME—NEGLIGENCE.
  Where, in an action for injuries to a pedestrian at a street intersection by collision with a street car, it was not disputed that the car was running at the rate of seven or eight miles an hour, though there was evidence that the car was under control, whether the operation of the car was negligent was for the jury.

3. SAME—INSTRUCTIONS.
  Where, in an action for injuries to a pedestrian at a street intersection by collision with a street car, plaintiff testified that she looked twice while crossing the street, and at the first time saw the car a block away, and on the second occasion a half block away, an instruction authorizing the jury to say whether or not plaintiff miscalculated or misjudged the distance, or whether she failed to exercise ordinary care in making the usual and ordinary observation, and thus brought the accident on herself, was not objectionable, as not based on the evidence.

Appeal from Trial Term.

Action by Sophia Mauer against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

I. R. Oeland, for appellant.
Henry A. Powell, for respondent.

WOODWARD, J. The plaintiff is a woman 78 years of age. She left her home on Furman avenue, borough of Brooklyn, in the afternoon, and walked down the right-hand side of the street, in the direction of Broadway. Furman avenue does not cross Broadway, but diagonally across that thoroughfare Sumpter street intersects, so that in law there is a street crossing, at which point the rights of pedestrians and the defendant's cars stand upon an equality. When the plaintiff reached the corner of Broadway and Furman avenue, according to her evidence, she looked and saw the defendant's car approaching at a distance of about one block. She started to walk diagonally across in the direction of Sumpter street, and when about halfway across, and, as she says, when she was between the first and second rails (evidently meaning the first line of defendant's tracks, there being two upon Broadway), she looked a second time, when the defendant's car which struck her appeared to be half a block away. She continued a few steps, when she was struck, she thinks, by the projecting step of the car, and from that time on she has no recollection of the accident. There seems to be practically no dispute that this old lady was not upon the track in front of the car, but that she was walking diagonally across, so that the car approached her from the rear or side, and she was struck by the fore part of the car, after the fender had safely passed her. While there is undoubtedly room for an honest difference of opinion as to the freedom of the plaintiff from negligence contributing to the accident, it can hardly be said as a matter of law that there was not some evidence of care on her part, and, if she misjudged the distance of the car from her, this does not, of itself,

constitute contributory negligence. The evidence was not disputed that this car was running at the rate of seven or eight miles an hour at this street intersection, and, while it is claimed that the car was under control, this is but a mere relative term. Cars are under control, it may be said, when they are running at any given rate of speed, so long as the machinery and the attendants are in condition to respond to the necessities of the situation; but the control which the law demands at street intersections is such control as will prevent, in the absence of negligence on the part of pedestrians or others lawfully using the highway, the occurrence of accidents, and seven or eight miles an hour is not, as a matter of law, such control. The question of negligence does not depend so much upon the rate of speed as upon the ability of the motorman or other servants to prevent accidents, and it is always a question of fact, taking into consideration all of the circumstances, whether the operation of the car was negligent or not. In this case we think the jury were justified by the evidence in finding that the operation of the car was negligent.

It is urged, however, that the learned court erred in charging the jury. The proposition charged, and to which the defendant took an exception, was as follows:

"You may say, however, that she did make an observation at the curb, and that she did make an observation as she was going across, but that she to some extent is mistaken as to the distance at which the car was away, although she says that, in her estimation, it was at one time a block away, and when she got to the middle of the passage across the street that it was about half a block away, and that she may have misjudged the distances and her ability to cross, taking into account that she judged the distances to be at what she says they were, and it will be for you to say whether this was a miscalculation and misjudgment upon her·part, or whether she failed to exercise the ordinary care of making the usual and ordinary observations, and thus brought the accident upon herself."

· We are of opinion that the criticism of this charge is rather too refined to meet the demands of a practical system of jurisprudence. It is urged that there was no evidence on which to base that portion of the charge which permitted the jury to find that the act of the plaintiff in attempting to cross the street was a miscalculation or error of judgment, etc. The rule of law requires that the plaintiff shall establish to the satisfaction of the jury that she has used that reasonable degree of care which the circumstances demanded. She has testified that she looked twice; that each time she saw the car which subsequently struck her; that at one time it was one block away, while at another time, and when she was within a few feet of the point of crossing the track, the car was half a block away; and that she continued upon her way diagonally across the tracks. The fair inference from this evidence is that she intended to cross the tracks, and, while the fact that she was struck after taking a few steps is some evidence that she had misjudged the distance of the car, it does not preclude the jury from holding that she had exercised that reasonable degree of care which the situation, as it appeared to her, demanded. Undoubtedly, if the car was half a block away, approaching a street intersection, it was not negligence as matter of law for this woman to attempt to cross in front of it. If it was 80 feet away, as testified by one of her

witnesses, and within that reasonable control which she had a right to anticipate at that point, it could not be said as matter of law that it was negligent for her to continue on her way; and the suggestion of the learned trial justice that the jury might determine whether she had made an error of judgment as to the distance of the car was merely an assertion of the obvious right of the jury to determine whether, under all of the circumstances, the evidence established freedom from contributory negligence on her part.   Read v. Brooklyn Heights R. R. Co., 32 App. Div. 503, 507, 53 N. Y. Supp. 209.

The judgment and order appealed from should be affirmed, with costs.   All concur.